IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:14-CV-00045-F

| | |
|---|---|
| PRIORITY AMBULANCE, LLC, and BRYAN GIBSON, Plaintiffs/Counter Defendants, v. GARY POIRIER, Defendant/Counter Claimant. | ORDER |

This matter is before the court on Defendant Gary Poirier's Motion for Summary Judgment[1] [DE-34] and Plaintiffs' Motion for Summary Judgment as to Defendant's Counterclaims [DE-42]. The issues have been fully briefed, and the matters are now ripe for ruling. For the reasons set forth below, Defendant Gary Poirier's Motion for Summary Judgment is DENIED and Plaintiffs' Motion for Summary Judgment as to Defendant's Counterclaims is ALLOWED.

## I. STATEMENT OF THE CASE

On March 24, 2014, Priority Ambulance, LLC and Bryan Gibson ("Plaintiffs") filed their Complaint in this court, alleging that they are entitled to relief on the following five bases: (1) libel *per se*, (2) libel *per quod*, (3) tortious interference with contract, (4) tortious interference with business expectancies, and (5) unfair trade practices. *See* Compl. [DE-1]. Plaintiffs are seeking both damages and injunctive relief. *See id.* On April 17, 2014, Defendant Poirier filed his Answer and Counterclaim [DE-7], alleging defamation and abuse of process.

---

[1] Defendant Poirier's filing is styled as a "Motion to Dismiss, or in the Alternative, for Summary Judgment" [DE-34]. Because Defendant Poirier attached exhibits to the motion, this court construed the filing as a Motion for Summary Judgment. *See* July 27, 2016 Order [DE-41] at 1-2.

On April 23, 2015, U.S. Magistrate Judge Robert B. Jones, Jr. stayed this case pending resolution of litigation in the United States District Court for the District of Arizona and an appeal to the Ninth Circuit Court of Appeals by an anonymous "John Doe" who sought to quash a subpoena issued by Plaintiffs to the website host Domains By Proxy, LLC seeking the identity of the owner and publisher of www.bryangibsonambulancechaser.com. *See* April 23, 2015 Order [DE-21]. On March 24, 2016, the appeal before the Ninth Circuit Court of Appeals was dismissed.

On June 2, 2016, Defendant Poirier filed his Motion for Summary Judgment [DE-34]. On September 15, 2016, Plaintiffs filed their Motion for Summary Judgment as to Defendant's Counterclaims [DE-42].

## II. STATEMENT OF FACTS

Plaintiff Bryan Gibson is the chief executive officer of Plaintiff Priority Ambulance, LLC, a provider of emergency and nonemergency medical care in Tennessee and Alabama. Pls.' Mat. Facts [DE-44] ¶ 1; Compl. [DE-1] ¶¶ 1, 2. From August 2013 to December 2013, Plaintiff Gibson served as chief executive officer of an ambulance service, known as FirstMed EMS, that did business in Wilmington, North Carolina. Def.'s Am. Mem. [DE-46] at 1; Pls.' Mat. Facts [DE-44] ¶ 2; Compl. [DE-1] ¶ 6.

Defendant Poirier is a former vice president of FirstMed EMS, an ambulance service business. Def.'s Answer and Countercl. [DE-7] at 9; Pls.' Mat. Facts [DE-44] ¶ 3; Compl. [DE-1] ¶ 3. In September 2013, FirstMed EMS terminated Defendant Poirier's employment. Pls.' Mat. Facts [DE-44] ¶ 4. Plaintiffs allege that shortly after Defendant Poirier was terminated by FirstMed EMS, he embarked on a crusade to harm Plaintiff Gibson and destroy his reputation. Compl. [DE-1] ¶ 15. Plaintiffs further allege that Defendant Poirier has made false public statements of material

fact about Plaintiff Gibson, including accusing him of illegal and unethical business conduct. *Id.* ¶ 17.

On or about March 11, 2014, Defendant Poirier was involved in an interview with a reporter for WNCT-TV, a CBS affiliate in Greenville, North Carolina, that was aired on the station's news broadcast throughout eastern North Carolina. Pls.' Mat. Facts [DE-44] ¶ 5; Def.'s Answer and Countercl. [DE-7] at 13; Compl. [DE-1] ¶ 18. The WNCT-TV reporter, Andrew Ruiz, reported that Defendant Poirier said "not only did Gibson want FirstMed to fail, but he was also making plans for it to happen." Pls.' Mat. Facts [DE-44] ¶ 6; Compl. [DE-1] ¶ 19. During the interview, Defendant Poirier also said "the word liar, I suppose comes out, right in front of my eyes" in response to questions posed about Plaintiff Gibson. Pls.' Mat. Facts [DE-44] ¶ 7; Compl. [DE-1] ¶ 20. Defendant Poirier also said of Plaintiff Gibson's conduct "in my mind it's embezzlement. Maybe that isn't the formal charge, but I think there is something illegal about it and I think there's something that says he belongs in jail over these charges." Pls.' Mat. Facts [DE-44] ¶ 8; Compl. [DE-1] ¶ 21. Plaintiffs allege that the March 11, 2014 interview, including the accusations of embezzlement and illegal conduct, continues to be published on various websites. Compl. [DE-1] ¶ 22. Plaintiffs further allege that Defendant Poirier established, maintains, and posts content on several websites that disparage Plaintiff Gibson and his business activities. *Id.* ¶ 23.

On March 14, 2014, counsel for Plaintiffs sent Defendant Poirier a letter demanding that he cease and desist making unlawful, materially misleading, and commercially disparaging statements concerning Plaintiff Gibson and his business interests. Pls.' Mat. Facts [DE-44] ¶ 9; Def.'s Answer and Countercl. [DE-7] at 14; Compl. [DE-1] ¶ 29. This letter is attached as an exhibit to the Complaint. Compl. [DE-1] Ex. A. Defendant Poirier did not respond to the demand letter until

3

March 25, 2014, the day after the Complaint in this case was filed. Pls.' Mat. Facts [DE-44] ¶ 9; *see* Compl. [DE-1].

In conjunction with the filing of the Complaint in this lawsuit, Plaintiff Priority Ambulance, LLC issued a press release that contained this quote from Plaintiff Gibson: "The statements about me are outrageous and false. With this lawsuit, I want to set the record straight and stop the illegal conduct." Pls.' Mem. Supp. Summ. J. [DE-43] at 5.

## III. LEGAL STANDARDS

### A. Summary Judgment

The summary judgment standard is well established. "The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The moving party bears the initial burden of informing the court of the basis for its motion and identifying the matter it believes demonstrates the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. The substantive law governing the case will identify those facts that are material and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When the court determines whether summary judgment is appropriate, it must resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *See Matsushita Elec. Indus. Co., Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986) (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)).

### B. Diversity Action

In a diversity action, this federal court, sitting in North Carolina, is required to apply the law

4

of North Carolina as it is interpreted by the state's highest court. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Ellis v. La.-Pac. Corp.*, 699 F.3d 778, 782 (4th Cir. 2012) (holding that the law of the forum state applies in a diversity action). If the state's highest court does not resolve the issue, a federal court will generally defer to the state's intermediate appellate court. *Assicurazioni Generali S.p.A. v. Neil*, 160 F.3d 997, 1002 (4th Cir. 1998); *see Stoner v. N.Y. Life Ins. Co.*, 311 U.S. 464, 467 (1940) ("[F]ederal courts, under the doctrine of *Erie* . . . must follow the decisions of intermediate state courts in the absence of convincing evidence that the higher court of the state would have decided differently.").

## IV. DISCUSSION

### A. Plaintiffs are entitled to summary judgment in their favor on Defendant Poirier's counterclaims.

Defendant Poirier has raised two counterclaims: (1) defamation, and (2) abuse of process. *See* Answer and Countercl. [DE-7] at 8.

#### 1. Defendant Poirier's counterclaim for defamation fails as a matter of law.

To recover for defamation in North Carolina, a plaintiff must show: (1) the defendant made false, defamatory statements of or concerning the plaintiff that were (2) published to a third person that (3) caused injury to the plaintiff's reputation. *Lanier Constr. Co., Inc. v. City of Clinton, N.C.*, 812 F.Supp. 2d 696, 700 (E.D.N.C. 2011) (citing *Boyce & Isley, PLLC v. Cooper*, 710 S.E.2d 309, 317 (N.C. Ct. App. 2011)). Defamation can come in the form of libel or slander, with the distinction being that libel involves written words and slander involves spoken words. *Cummings v. Lumbee Tribe of N.C.*, 590 F.Supp. 2d 769, 774 (E.D.N.C. 2008) (citing *Barker v. Kimberly-Clark Corp.*, 524 S.E.2d 821, 824 (N.C. Ct. App. 2000)); *Phillips v. Winston-Salem/Forsyth Cty Bd. of Educ.*, 450 S.E.2d 753, 756 (N.C. Ct. App. 1994).

5

Defendant Poirier has alleged defamation based on Plaintiff Gibson's statements that were published to the news media. *See* Answer and Countercl. [DE-7] at 16. Defendant Poirier's allegations of defamation arise from statements contained in the Complaint, materials attached to the Complaint, the press release announcing the filing of the Complaint, and Plaintiffs' Statement of Material Facts. *See id.* As discussed below, these statements are either protected by absolute privilege or are true.

### a. Plaintiffs' statements are protected by absolute privilege.

Defamatory statements made in the course of judicial proceedings are absolutely privileged, even if the statements are made with express malice. *In re Cline*, 749 S.E.2d 91, 100 (N.C. Ct. App. 2013); *Harris v. NCNB Nat'l Bank of N.C.*, 355 S.E.2d 838, 841 (N.C. Ct. App. 1987).

> While statements in pleadings and other papers filed in a judicial proceeding are not privileged if they are not relevant or pertinent to the subject matter of the action, the question of relevancy or pertinency is a question of law for the courts, and the matter to which the privilege does not extend must be so palpably irrelevant to the subject matter of the controversy that no reasonable man can doubt its irrelevancy or impropriety.

*Scott v. Statesville Plywood & Veneer Co. Inc.*, 81 S.E.2d 146, 149 (N.C. 1954).

Defendant Poirier cannot rely on the March 14, 2014 demand letter, which is attached as an exhibit to Plaintiffs' Complaint, to establish a defamation claim for a few reasons. Initially, because of its incorporation into the Complaint and its relevancy to the lawsuit, it is subject to an absolute privilege. Next, to the extent that Defendant Poirier may argue that the letter was defamatory in and of itself before it was incorporated into the Complaint, he cannot establish publication, a necessary element of a defamation claim. *See Boyce & Isley*, 710 S.E.2d at 317 ("In order to recover for defamation, a plaintiff must allege that the defendant caused injury to the plaintiff by making false, defamatory statements of or concerning the plaintiff, which were *published to a third person*, causing

6

injury to the plaintiff's reputation.") (emphasis added) (internal quotation marks omitted). Even viewing the evidence in the light most favorable to Defendant Poirier, there is no evidence before the court suggesting that the March 14, 2014 letter was published to a third party prior to being incorporated into the Complaint. *See* Compl. [DE-1] ¶ 29, Ex. A; Pls' Mat. Facts ¶ 9. In fact, the record reveals that the letter was addressed and mailed solely to Defendant Poirier. *See* Compl. [DE-1] ¶ 29, Ex. A; Pls' Mat. Facts [DE-44] ¶ 9.

### b. Plaintiffs' statements regarding the filing of the Complaint are true.

To be actionable, a defamatory statement must be false. *Long v. Vertical Technologies, Inc.*, 439 S.E.2d 797, 801 (N.C. Ct. App. 1994). Moreover, truth is an absolute defense. *Id.*; *see also Holleman v. Aiken*, 668 S.E.2d 579, 587 (N.C. Ct. App. 2008) ("We first note that truth is a defense to a libel claim.").

Another basis for Defendant Poirier's defamation counterclaim is statements made by Plaintiffs in a press release concerning the filing of the Complaint. *See* Pls. Mat. Facts [DE-44] ¶¶ 13-14. Although Defendant Poirier contests the truth of the lawsuit's allegations, there is no dispute as to the filing date of the Complaint or that Plaintiffs allege Defendant Poirier made false statements about Plaintiffs in an effort to harm their business and their reputations as stated in the press release. *See* Compl. [DE-1] ¶¶ 15-29. Because the statement of facts in the press release is true, it cannot serve as the basis for Defendant Poirier's counterclaim for defamation.

### 2. Defendant Poirier's counterclaim for abuse of process fails as a matter of law.

At the outset, "[t]he distinction between an action for malicious prosecution and one for abuse of process is that malicious prosecution is based upon malice in causing the process to issue, while abuse of process lies for its improper use after it has been issued." *I-Minerals USA, Inc. v.*

7

*Zielke*, No. 1:15cv00094-MOC-DLH, 2015 WL 5457840, at *6 (W.D.N.C. Sept. 16, 2015) (internal quotation marks omitted) (alteration in original). Abuse of process is defined as "the misuse of legal process for an ulterior motive." *UBS Financial Servs., Inc. v. Zimmerman*, No. 5:16CV155-FL, 2016 WL 7017278, at *3 (E.D.N.C. Dec. 1, 2016) (quoting *Fowle v. Fowle*, 140 S.E.2d 398, 401 (N.C. 1965)). To succeed on a claim for abuse of process in North Carolina, a plaintiff must establish that (1) a prior proceeding was initiated against the plaintiff by the defendant or used by him to achieve an ulterior purpose or motive; and (2) the defendant committed some willful act not proper in the regular prosecution of the proceeding once the proceeding was initiated. *Sermones v. S. Bell Tel. & Tel. Co.*, 416 S.E.2d 909, 913 (N.C. Ct. App. 1992). Without evidence of the second element, there is no claim for abuse of process. *Id.* (citing *Ellis v. Wellons*, 29 S.E.2d 884, 885 (N.C. 1944)).

Even viewing the evidence in a light most favorable to Defendant Poirier, there has been no misuse of legal process for an ulterior motive. Consequently, Defendant Poirier's abuse of process counterclaim must fail.

### a. While Plaintiffs' filing of the Complaint is the basis for the abuse of process counterclaim, any actionable abuse of process must have taken place *after* the proceeding was initiated.

A claim for abuse of process only lies where the alleged exploit of process takes place *after* process has been issued. *See Ellis*, 29 S.E.2d at 885 ("The distinctive nature of an action for abuse of process is the improper use of process after it has been issued[.]"). The North Carolina Court of Appeals held that the trial court properly granted summary judgment in favor of the plaintiffs on defendants' counterclaim because "defendants failed to show any act by the plaintiffs after initiation of the lawsuit." *Erthal v. May*, 736 S.E.2d 514, 524 (N.C. Ct. App. 2012).

The sole basis alleged by Defendant Poirier for his abuse of process counterclaim is Plaintiffs' initiation of the instant lawsuit. *See* Answer and Countercl. [DE-7] ¶ 50 ("the plaintiff[s] in filing the action against the defendant had an ulterior purpose of coercing or forcing the defendant to quit doing what is otherwise protected conduct, and the plaintiff did so maliciously by failing to recognize defendant's right to free speech, and filing a complaint without ever investigating the allegations to determine whether they have any evidentiary support."); *Id.* ¶ 51 ([Plaintiffs and its lawyers] used the law suit [sic] to hopefully obtain a quick shut down [sic] of the site, and no further use of the website in relation to plaintiffs."); *Id.* ¶ 53 ("The law suit [sic] was filed for an improper purpose. Further, it was filed in retaliation for defendant exercising his rights under the First Amendment to the Constitution."); *Id.* ¶ 55 ("The conduct of the plaintiff[s] in filing this action was malicious, willful and wanton, outrages [sic], and in a reckless and wanton disregard of defendant's rights, and exhibited a conscious and intentional disregard to the rights of the defendant.").

The alleged basis for Defendant Poirier's abuse of process counterclaim is the filing of the lawsuit. As in *Erthal*, there has not been a showing of any action *after initiation of the lawsuit*. Therefore, Defendant Poirier's abuse of process counterclaim must fail.

### b. In the alternative, Defendant Poirier's abuse of process counterclaim fails on the basis that the filing of the Complaint was not a misuse or misapplication of legal process because it was precisely the purpose for which it was intended.

There can be no abuse of process when process is confined to its "regular and legitimate function in relation to the cause of action stated in the complaint." *Thompson v. Blessed Home Inc.*, 22 F.Supp. 3d 542, 545 (E.D.N.C. 2014). Abuse of process in North Carolina "requires both an ulterior motive and an act in the use of the legal process not proper in the regular prosecution of the proceeding, and that both requirements related to defendant's purpose to achieve through the use of

9

process some end foreign to those it was designed to effect." *UBS Fin. Servs., Inc.*, 2016 WL 7017278, at *3 (internal quotation marks omitted).

Defendant Poirier does not allege that Plaintiffs used the legal process in an improper way. Moreover, there is no evidence before the court suggesting that Plaintiffs so used the legal process. Consequently, Defendant Poirier's abuse of process counterclaim must fail.

In light of the foregoing, Plaintiffs are entitled to summary judgment in their favor on Defendant Poirier's counterclaims. Accordingly, Plaintiffs' Motion for Summary Judgment as to Defendant's Counterclaims will be allowed.

**B. Defendant Poirier has failed to show he is entitled to summary judgment.**

The second and final motion before the court is Defendant Poirier's Motion for Summary Judgment [DE-34]. The court has resolved all ambiguities and drawn all reasonable inferences in favor of Plaintiffs. Following a thorough review of the record, the court concludes that Defendant Poirier has failed to show he is entitled to judgment as a matter of law. Consequently, Defendant Poirier's Motion for Summary Judgment will be denied.

## V. CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment [DE-34] is DENIED and Plaintiffs' Motion for Summary Judgment as to Defendants' Counterclaims [DE-42] is ALLOWED.

SO ORDERED.

This, the 21 day of December, 2016.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge